**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NATHAN EARL SANDERS,

Petitioner-Appellant,

v.

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO, JOE R.
WILLIAMS, Warden, Lea County
Correctional Facility,

Respondents-Appellees.

No. 00-2431

(D. New Mexico)

(D.C. No. CIV-99-1185-JP/KPM)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is,

therefore, ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Nathan Earl Sanders was convicted after a jury trial in a New Mexico state court of possessing cocaine with the intent to distribute. Relying on Mr. Sanders's four prior felony convictions, the trial court sentenced him to seventeen years' incarceration followed by two years' parole.

After unsuccessfully challenging his conviction on direct appeal and in two state habeas corpus proceedings, Mr. Sanders filed the instant pro se federal habeas corpus action pursuant to 28 U.S.C. § 2254(d). He asserted four claims that he had previously raised in the New Mexico courts: (1) that the evidence was insufficient to support his conviction; (2) that he received ineffective assistance of counsel because his lawyer failed to challenge certain incriminating statements that he made when he was arrested; (3) that he received ineffective counsel because his lawyer failed to request an instruction on simple possession; and (4) that the prosecution violated 18 U.S.C. § 201 by offering a reduced sentence to a witness in exchange for her testimony.

Mr. Sanders also raised several claims that he had not previously asserted. He argued that he received ineffective assistance of counsel because his lawyer failed to file a motion for severance, failed to attack an informant's credibility, failed to seek reversal of the conviction on the grounds that the prosecution had offered a witness a lenient sentence, and failed to zealously represent him. Mr.

Sanders also argued that his Sixth Amendment rights were violated because the jury pool was not a fair cross-section of the community.

The district court referred the case to a magistrate judge. Noting that the respondents had conceded that Mr. Sanders had exhausted all of his claims, see Rec. vol. I, doc. 14, at 5 (quoting Rec. doc. 12,¶¶ 4,6), the magistrate judge addressed the merits of each. Because Sanders filed his federal habeas petition on October 12, 1999, the magistrate judge applied the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996) (effective April 24, 1996). In her Proposed Findings and Recommended Disposition, she found that none of Mr. Sanders's claims afforded a basis for habeas relief. The district court adopted her findings and dismissed Mr. Sanders's petition with prejudice.

We have reviewed the record, magistrate judge's findings, and Mr. Sanders's appellate brief. We note that he raises the same arguments that he raised in the district court and that he has not offered any authority that supports his contention that the district court erred in dismissing his petition. We agree with the thorough and well-reasoned analysis set forth by the magistrate judge.

Accordingly, we DENY Mr. Sanders's motion for a certificate of appealability and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
United States Circuit Judge